IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ROY KAYLOR,

        Plaintiff,

v.

COUNTY OF SANTA CRUZ;
WILLIAN JAMES RAHAL;
MICHAEL MAXWELL;
ANDREW PIERCE,

        Defendants.

Civ. No. 1:19-cv-02024-AA

**OPINION & ORDER**

AIKEN, District Judge.

Pro se Plaintiff Roy Kaylor seeks leave to proceed *in forma pauperis* in this action. ECF No. 3. Plaintiff has also filed a Motion for Temporary Restraining Order ("TRO"), ECF No. 2. For the reasons set forth below, the Motion for TRO is DENIED and this case is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days in which to file an amended complaint. The Court shall defer ruling on the IFP petition pending submission of an amended complaint.

## LEGAL STANDARDS

### I.    Temporary Restraining Order

In deciding whether to grant a motion for a temporary restraining order, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def.*

*Council*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction must establish that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) an injunction is in the public interest. *Id.* at 20.

## II. IFP Petition

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Plaintiff alleges that he owns substantial real property in Santa Cruz County, California. This property has been the subject of litigation since at least 2010, apparently stemming from the disputed classification of the property under California law and Plaintiff's use of the property. Compl. 5. The nature and details of the dispute are not clear from the Complaint, but Plaintiff alleges that it has "spawned" forty-two civil cases over the last nine years and resulted in over $320,000 in "legal fees and debt." *Id.* Plaintiff's land is scheduled to be sold the County on December 17, 2019, apparently as a result this litigation. *Id.* Plaintiff alleges that the planned sale is in violation of his constitutional due process rights and will result in the loss of endangered wildlife habitat through logging on the property. *Id.*; TRO Mot. Plaintiff asks this court to enjoin the scheduled sale of Plaintiff's property; "[p]erform a full Federal investigation regarding due process and obvious corruption," in the Santa Cruz county court; appoint an attorney for Plaintiff; and award $111,111,111.11 in damages. Compl. 6.

Plaintiff asserts that if the property is sold, it will be logged and developed as housing. TRO Mot. In addition to the loss of trees, Plaintiff claims that this will result in the loss of wildlife habitat and potential harm to Native American sacred sites and natural springs. Plaintiff also alleges that over 100 of his vehicles "consisting primarily of antique cars, trucks, and prototypes," including the prototype for the Toyota Prius, have already been removed and destroyed. In addition, Plaintiff alleges that over 50 of his bicycles have been removed and that he has been forced "to give away 4 airplanes to prevent them from getting destroyed without due process." TRO Mot.

The first and most significant problem with the Complaint is that it fails to adequately state a basis for this Court to exercise personal jurisdiction over the defendants. Where, as here, there is no federal statute governing personal jurisdiction, the law of the state in which the Court sits applies. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011). Oregon's long arm statute, Oregon Rule of Civil Procedure ("ORCP") 4, extends personal jurisdiction to the extent permitted by federal due process. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990).

Federal due process requires that a nonresident defendant have "certain minimum contacts" with the forum state of such a nature that the exercise of personal jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). This constitutional test may be satisfied by showing that (1) the defendant has "substantial" or "continuous and systemic" contacts with the forum state—i.e., "general jurisdiction," or (2) there is a strong relationship between the defendants forum contacts and the cause of action—i.e., "specific jurisdiction." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986).

For a court to exercise specific jurisdiction, the lawsuit "must arise out of or relate to the defendant's contacts with the forum." *Bristol-Meyers Squibb Co. v. Superior Court of Cal.*, ___U.S.___, 137 S. Ct. 1773, 1780 (2017). "In other words, there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Id.* (quoting *Goodyear Dunlop Tires Operations v. Brown*, 564 U.S. 915, 919 (2011)). For this reason, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* (internal quotation marks and citation omitted).

In this case, the primary Defendant is Santa Cruz County, a political subdivision of the State of California, and the individual Defendants are all California residents. Plaintiff does not explain who the individual Defendants are or what they have done to violate his rights, nor does he allege any connection between any Defendant and the State of Oregon. It appears Plaintiff's claims concern the planned sale of Plaintiff's property in Santa Cruz County to satisfy debts incurred in a long-running dispute over the use of that land. Plaintiff has alleged no connection between his claims and the State of Oregon.[1] This Court therefore lacks jurisdiction.

It appears that Plaintiff is attempting to challenge or overturn a state court judgment or judgments by filing this federal action. If so, such a challenge is barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine deprives federal district courts of jurisdiction over cases directly challenging a state court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005); *Amerisourcebergen Corp. v. Roden*, 495 F.3d 1143, 1153 (9th Cir. 2007) ("The *Rooker-Feldman* doctrine provides that federal district courts lack jurisdiction to exercise

---

[1] Plaintiff alleges that his attorney attempted to advise him of this defect: "I have tried several times to take this matter out of local court but my attorney tells me there is no way this case can leave County Court. It makes me not trust my attorney and all of the parties involved." Compl. 5.

appellate review over final state court judgments.") (internal quotation marks and citation omitted). If Plaintiff wishes to challenge the state court judgment, he should file a direct appeal with the appropriate state appellate court.[2]

More generally, Plaintiff has also failed to state a claim. He alleges that Defendants have deprived him of property without due process, but alleges no facts in support of that conclusion. Indeed, Plaintiff alleges that the impending loss of his property is the result of over forty court cases. In the case of the individual Defendants, Plaintiff does not explain who they are or what they have done.

The Court concludes that Plaintiff has failed to make the necessary showing to justify a TRO. Plaintiff has also failed to state a claim and his Complaint must be dismissed. Although it seems unlikely that Plaintiff will be able to establish personal jurisdiction over the California Defendants in the District of Oregon, the Court is mindful of the latitude that must be accorded to pro se litigants. Dismissal shall therefore be with leave to amend. If Plaintiff choses to file an amended complaint, he must remedy the jurisdictional defects outlined above. Plaintiff must also bear in mind that that Court does not know anything about his case, other than what he includes in his pleadings. Plaintiff should carefully explain what has happened, who has done what, how he believes he was injured by the actions of the defendants, and why he believes that the defendants should be held liable for the injury.

---

[2] The Court notes that this is not the first time Plaintiff has attempted to litigate this issue in federal court. In 2012, the United States District Court for the Northern District of California denied Plaintiff's request for a TRO and dismissed his complaint as frivolous. *Roy Kaylor v. City of Santa Cruz et al.*, Case No. 5:12-cv-02079 EJD (N.D. Cal. May 1, 2012).

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Temporary Restraining Order, ECF No. 2, is DENIED and the Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in the entry of a judgment of dismissal. The Court defers ruling on Plaintiff's petition to proceed IFP, ECF No. 3, until Plaintiff files an amended complaint or the time for doing so has expired.

It is so ORDERED and DATED this __13th__ day of December, 2019.

ANN AIKEN
United States District Judge